IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ROLF C. HAGEN (U.S.A.) CORP. and )<br>ROLF C. HAGEN INC., )<br>)<br>Defendant. )<br>_____ ) | CASE NO.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

This is FURminator, Inc.'s ("FURminator") complaint against Defendants Rolf C. Hagen Inc. and Rolf C. Hagen (U.S.A.) Corp. (collectively "Hagen").

## JURISDICTION AND VENUE

1. This is an action for patent infringement in which FURminator seeks preliminary and permanent injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patents, copyrights, trademarks and unfair competition related thereto).

## JURY TRIAL DEMANDED

3. FURminator hereby demands a jury on all triable issues.

## THE PARTIES

4. FURminator is an Indiana corporation with its principal place of business at 1638 Headland Dr., Fenton, Missouri.

5. On information and belief, Defendant Rolf C. Hagen Inc. is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada.

5417258.1

6. On information and belief, Defendant Rolf C. Hagen (U.S.A.) Corp. is a Massachusetts corporation with its principal place of business at 305 Forbes Blvd., Mansfield, Massachusetts. Also on information and belief, Defendant Rolf C. Hagen (U.S.A.) Corp. is a wholly-owned subsidiary of Rolf C. Hagen, Inc.

7. On information and belief, Hagen's products are offered for sale and are being sold in the Eastern District of Missouri.

8. On information and belief, venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Defendant Rolf C. Hagen Inc. is a foreign corporation and Defendant Rolf C. Hagen, U.S.A. Corp. is subject to personal jurisdiction here.

**Statement of Facts**

9. FURminator is an Indiana corporation formed in 2008. It purchased all intellectual property rights from a Missouri corporation of the same name formed by the husband and wife team of David and Angela Porter ("Porters") in 2002. FURminator's primary business is the promotion and sale of pet grooming tools and other pet products.

10. The Porters invented the FURminator DeShedding Tools, and, taking great personal financial risk, pursued a dream to start a business and sell those products. It took several years for the Porters to develop and to get their products to market. Angela Porter, owner of a pet grooming salon, and David Porter, a graphic design artist, worked together during that time to develop the concept, build prototypes, and find a manufacturer for their products.

11. On May 30, 2000, the Porters filed an application that eventually issued as U.S. Patent No. 6,782,846 (the '846 Patent) on August 31, 2004.

12. The Porters filed several continuation applications from the '846 Patent application, including but not limited to the patents in suit, U.S. Patent No. 7,334,540 (the " '540 Patent"), a copy of which is attached as Exhibit 1, and U.S. Patent No. 7,509,926 (the " '926 Patent"), a copy of which is attached as Exhibit 2.  The '540 Patent and the '926 Patent are collectively referred to herein as the "Patents in Suit."

13. FURminator is the owner by assignment of the Patents in Suit.  The Patents in Suit are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

14. FURminator produces several products that are covered by the Patents in Suit, including, but not limited to, the FurGOpet and FURminator DeShedding Tools (collectively referred to herein as FURminator DeShedding Tools), examples of which are depicted below:



**FurGOpet**                    **FURminator DeShedding Tool**

15. FURminator markets the FURminator DeShedding Tools to pet grooming professionals, including pet groomers, veterinarians and animal rescue centers.  FURminator also markets and has marked these products to the general public through QVC (a televised shopping service), catalogs, the internet, retail outlets (such as PetSmart, Petco, and Target),

professional pet groomers (who resell the FURminator line), printed advertisements, trade shows, and television advertisements.

16. FURminator DeShedding Tools have been and continue to enjoy significant commercial success as well as widespread approval in the pet industry. FURminator DeShedding Tools have received numerous accolades, including several "Editor's Choice" awards by several pet product publications, numerous sales awards from major pet product retailers and was described as one of the best grooming products tested by the Tufts University School of Veterinary Medicine. Since FURminator's predecessor began widespread sales of the FURminator DeShedding Tools in 2003, the FURminator DeShedding Tools have enjoyed substantial commercial success. Sales of FURminator DeShedding Tools account for the majority of FURminator's revenues.

17. FURminator has successfully litigated patent infringement suits against several manufacturers of products infringing at least one of the patents in suit. FURminator has obtained judgments or consent judgments against Ontel Products Corp. in *FURminator, Inc. v. Ontel Products Corp.*, E.D. Mo., Case No. 4:06-cv-1294-CAS (a copy of which is attached as Exhibit 3), against PetEdge Inc. in *FURminator, Inc. v. PetEdge Inc.*, E.D. Tex., Case No. 2:08-cv-92-DF (a copy of which is attached as Exhibit 4), against Munchkin, Inc. in *FURminator, Inc. v. Munchkin, Inc. and Kim Laube & Co., Inc.*, E.D. Mo., Case No. 4:08-cv-367-ERW (a copy which is attached as Exhibit 5), against Central Garden and Pet Co. in *FURminator, Inc. v. Central Garden and Pet Co., and Four Paws Products Ltd.*, E.D. Mo., Case No. 4:10-cv-536-DDN (a copy of which is attached as Exhibit 6), against multiple defendants in *FURminator, Inc. v. Sergeants Pet Care Products, Inc. et al.*, E.D. Mo., Case No. 4:10-cv-1829-RWS (copies of which are collectively attached hereto as Exhibit 7), against PetVac Group LLC in

*FURminator, Inc. v. PetVac Group LLC*, E.D. Tx., Case No. 2:08-cv-338-TJW (a copy of which is attached hereto as Exhibit 8) and against Kim Laube & Co., Inc. in *FURminator, Inc. v. Munchkin, Inc. and Kim Laube & Co., Inc.*, E.D. Mo., Case No. 4:08-cv-367-ERW (a copy which is attached as Exhibit 9). Several of the judgments indicate that a reasonable royalty for any tool covered by one or more of the claims of U.S. Patent 7,334,540 is $10.00 per tool.

18.     On information and belief, FURminator's commercial success has caused FURminator's competitors to imitate FURminator's products.

### Hagen's Infringing Activities

19.     On information and belief, Hagen makes, uses, offers to sell, sells or imports into the United States tools that infringe the Patents in Suit, including but not limited to the "Le Salon Essentials Deshedder" pet grooming tool, an example of which is depicted below:



**Le Salon Essentials Deshedder Tool**

20.     Hagen's Le Salon Essentials Deshedder pet grooming tools infringe one or more claims of each of the '540 and '926 Patents.

**Count I**
**Infringement of the '540 Patent under 35 U.S.C. § 271**

21.     FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

22.     On information and belief, Hagen has been and are infringing the '540 Patent under one or more subsections of 35 U.S.C. § 271.

23.     Hagen directly infringes the '540 Patent by making, using, selling and/or offering to sell infringing Le Salon Essentials Deshedder tools within the United States and/or importing into the United States Le Salon Essentials Deshedder tools.

24.     On information and belief, Hagen sells and offers for sale infringing Le Salon Essentials Deshedder tools within the United States and imports Le Salon Essentials Deshedder tools into the United States.

25.     Others directly infringe the '540 Patent by using, selling, and/or offering to sell infringing Le Salon Essentials Deshedder tools within the United States, and/or importing infringing Le Salon Essentials Deshedder tools into the United States.

26.     Others directly infringe the '540 Patent through the practice of the methods claimed in the '540 Patent using Le Salon Essentials Deshedder tools.

27.     On information and belief, Hagen knows of the '540 Patent.

28.     On information and belief, Hagen knows that others infringe the '540 Patent by using, selling, and/or offering for sale infringing Le Salon Essentials Deshedder tools within the United States and intend to so induce others to infringe the '540 Patent.

29.     Le Salon Essentials Deshedder tools constitute components of a patented article, which may also be used for the practice of a patented process.

30. Le Salon Essentials Deshedder tools constitute a material part of the invention and are especially made or adapted for use in an infringement of the '540 Patent. On information and belief, Hagen is aware that Le Salon Essentials Deshedder tools constitute a material part of the invention and are especially made or adapted for use in an infringement of the '540 Patent.

31. Such Le Salon Essentials Deshedder tools are not staple articles or suitable for a substantial non-infringing use.

32. Hagen's conduct has damaged and will continue to damage FURminator.

33. On information and belief, Hagen's infringement of the '540 Patent is and has been willful, making this case exceptional under 35 U.S.C. § 285.

## Count II
## Infringement of the '926 Patent under 35 U.S.C. § 271

34. FURminator incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

35. On information and belief, Hagen has been and is infringing the '926 Patent under one or more subsections of 35 U.S.C. § 271.

36. Hagen directly infringes the '926 Patent by making, using, selling and/or offering to sell infringing Le Salon Essentials Deshedder tools within the United States and/or importing into the United States Le Salon Essentials Deshedder tools.

37. On information and belief, Hagen sells and offers for sale infringing Le Salon Essentials Deshedder tools within the United States and imports Le Salon Essentials Deshedder tools into the United States.

38. Others directly infringe the '926 Patent by using, selling, and/or offering to sell infringing Le Salon Essentials Deshedder tools within the United States, and/or importing infringing Le Salon Essentials Deshedder tools into the United States.

39.     Others directly infringe the '926 Patent through the practice of the methods claimed in the '926 Patent using Le Salon Essentials Deshedder tools.

40.     On information and belief, Hagen knows of the '926 Patent.

41.     On information and belief, Hagen knows that others infringe the '926 Patent by using, selling, and/or offering for sale infringing Le Salon Essentials Deshedder tools within the United States and intends to so induce others to infringe the '926 Patent.

42.     Le Salon Essentials Deshedder tools constitute components of a patented article, which may also be used for the practice of a patented process.

43.     Le Salon Essentials Deshedder tools constitute a material part of the invention and are especially made or adapted for use in an infringement of the '926 Patent. On information and belief, Hagen is aware that Le Salon Essentials Deshedder tools constitute a material part of the invention and are especially made or adapted for use in an infringement of the '926 Patent.

44.     Such Le Salon Essentials Deshedder tools are not staple articles or suitable for a substantial non-infringing use.

45.     Hagen's conduct has damaged and will continue to damage FURminator.

46.     On information and belief, Hagen's infringement of the '926 Patent is and has been willful, making this case exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, FURminator prays for judgment against Defendant Rolf C. Hagen Inc. and Defendant Rolf C. Hagen, U.S.A. (collectively "Hagen") as follows:

A.     Preliminarily and permanently enjoin Hagen and any person acting in concert with them from further infringement of U.S. Patent Nos. 7,334,540 and 7,509,926;

B.	Declare that the claims of U.S. Patent Nos. 7,334,540 and 7,509,926 are valid, enforceable, and infringed by Hagen;

C.	Award FURminator damages resulting from the Hagen's infringement of U.S. Patent Nos. 7,334,540 and 7,509,926;

D.	Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E.	Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F.	Award FURminator reasonable attorney fees under 35 U.S.C. § 285;

G.	Order the impounding and destruction of all Hagen's products that infringe U.S. Patent Nos. 7,334,540 and 7,509,926;

H.	Award FURminator interests and costs;

I.	Order an accounting of Hagen's profits resulting from sales of its products which infringe U.S. Patent Nos. 7,334,540 and 7,509,926;

J.	Hagen must report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

K.	For such other and further relief that the Court deems just and proper.

    Respectfully Submitted,

**Thompson Coburn LLP**

By: /s/Steven E. Garlock
    Alan H. Norman
    Steven E. Garlock
    David B. Jinkins
    Matthew A. Braunel
    One US Bank Plaza
    St. Louis, MO  63101
    (314) 552-6000
    (314) 552-7000 (fax)

*Attorneys for the Plaintiff*
*FURminator, Inc.*